◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS A. KEARNEY, Appellant, v DAVID BARTLETT, as Columbia County Sheriff, Respondent. [16 NYS3d 357]—Appeals (1) from a judgment of the Supreme Court (Nichols, J.), entered September 16, 2014 in Columbia County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing, and (2) from a judgment of said court, entered November 25, 2014, which denied petitioner's motion for reconsideration.

Petitioner attempted to commence this habeas corpus proceeding seeking his immediate release from jail following his arrest on alleged parole violations. Supreme Court denied

the application based upon the failure of the petition to be verified in accordance with CPLR 7002 (c). Petitioner's subsequent motion for reconsideration was denied. These appeals ensued.

Even if the deficiencies in petitioner's application for a writ of habeas corpus could be overlooked, the record establishes that, although petitioner is incarerated, he is no longer in respondent's custody and, therefore, the appeal from this judgment has been rendered moot and must be dismissed (*see e.g. People ex rel. Phillips v LaClair*, 84 AD3d 1606, 1606 [2011]). To the extent that petitioner challenges the denial of his motion for reconsideration, we note that such motion was one for leave to reargue, as he alleged no new facts or demonstrated any change in the law (*see People ex rel. Hinton v Graham*, 66 AD3d 1402, 1402-1403 [2009], *lv denied* 13 NY3d 934 [2010]; *Matter of Hill v Goord*, 275 AD2d 492, 493 [2000]). As no appeal lies from an order denying a motion for leave to reargue, that appeal must be dismissed (*see id.*).

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur. Ordered that the appeals are dismissed, without costs.